## Rosenham *v*. Batjer, Appellants.

*Sale—Delivery of possession—Warehouseman's certificate—Estoppel.*

A distiller issued to defendants certificates that he had on storage for their account fifteen barrels of whisky which would be delivered on presentation of certificates. Subsequently defendants sold the whisky and indorsed the certificates to the order of the purchaser. The purchaser then sold the whisky to plaintiffs, indorsing the certificates with his name. The whisky was never delivered and remained in the warehouse where it had been stored by the distiller. After the last sale defendants attached the whisky as the property of their own vendee. *Held*, that defendants by indorsing the certificates had estopped themselves from objecting to the title which plaintiffs had acquired from defendants' own indorsee.

*Warehouseman's receipt—Act of Sept.* 24, 1866.

Query whether a distiller's certificate that he holds whisky on storage for the account of another is within the warehouseman's act of Sept. 24, 1866, P. L. 1867, 1363.

Argued Oct. 31, 1892. Appeal, No. 121, Oct. T., 1892, by defendants, H. A. Batjer & Co., from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1890, No. 198, on verdict for plaintiffs, Rosenham Brothers. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Feigned issue to determine ownership of whisky.

At the trial, before EWING, P. J., it appeared that, on May 5, 1890, Joseph S. Finch & Co., distillers, at Pittsburgh, delivered to defendants three certificates, each for five barrels of whisky. The certificates were in the following form :
" No. 520.

" PITTSBURGH, May ·5, 1890.

" This is to certify that we have on storage in our free warehouse, situated in Union Storage Warehouse No. 1, 25th and Railroad streets, Pittsburgh, Pa., for account and risk of H. A. Batjer & Co., 5 barrels of our Golden Wedding Rye Whiskey of December, 1887, inspection, bearing serial numbers 29,911 to 29,915, which we will deliver on presentation of this storage certificate, and upon payment of storage at the rate of ten cents a month for each barrel, from May 5th, 1890 ; loss or damage by fire, the elements, leakage or accident, at owners' risk.

" JOSEPH S. FINCH & Co."

Batjer & Co. subsequently sold the whisky to H. A. Dickenson & Co., indorsing the certificates as follows : " Deliver to the order of Messrs. H. A. Dickenson & Co.   H. A. Batjer & Co." Dickenson & Co. sold the whisky to plaintiffs, indorsing the certificates " H. A. Dickenson & Co."   The whisky was never delivered, but remained in the distiller's warehouse, where it was attached by Batjer & Co. as the property of their own vendees, H. A. Dickenson & Co.

The court charged in part as follows :

" It is claimed that the case of Bucher v. Com., 103 Pa. 528, decides that it is not within the act of Sept. 24, 1866.   We do not think that that case rules this.   That was a criminal case, and it was necessary to construe the statute closely, but in that case the. form of receipt was entirely different, and the proof was that there was no compensation to be given for storage. [Here, on the face of the receipt, Finch & Co. hold themselves out as warehousemen, and on the very face of the certificate there is a storage charge.   My impressions are that it is within the act of assembly, and that where a man or a firm in this state hold themselves out as warehousemen, asserting that they are warehousemen, holding goods on storage for a charge, the public have a right to deal with them as such, and that the issuing of such a certificate is of itself an agreement that they are to be governed by the statute of Pennsylvania in relation thereto ; and, if that is the case, the verdict should be for the plaintiffs.] [3]   But it is not necessary, in my judgment, to decide that question in this case, because it seems to me that there is another question in the case which rules it.

" [Bearing in mind that all these parties are wholesale dealers in the city of New York—Batjer & Company, having dealt with Finch & Company in Pennsylvania, ought to be presumed to know whether or not this was a warehouse receipt, as it asserts that it is on its face, and they, in transferring to Dickenson & Company, undertook to make and assert this to be a negotiable warehouse receipt, and directed not that it be delivered to Dickenson & Company specially, but to their order, and Dickenson & Company indorsed it and passed it over.   I think the indorsement of Batjer & Company in this case was equivalent to an assertion to the parties dealing that this was a negotiable order, just as though they had indorsed it them-

selves to Rosenham Brothers, and that when they attached the goods as the goods of Dickenson & Company they took the risk of Dickenson & Company having transferred the certificates; that by their indorsements as they stand on this paper they have estopped themselves from objecting to the title of a party to whom their indorsee had sold and delivered these warehouse receipts.] [4]   The law that makes delivery essential to protect from creditors is intended to prevent fraud, but it should not be so construed as to be an instrument of fraud. [As I say, it is not necessary to decide in this case what the effect would be if a creditor of Batjer & Company had attached these goods before there was any notice to Finch & Company that these certificates had been transferred.   We think that Dickenson & Company were given full authority by these defendants to transfer as they did.] [5]

" [Another question has been raised, that these goods, by proof and on the face of the certificates, were really not in the actual possession of Finch & Company when the certificates were issued, but were in the possession of the Union Storage Company, which is a regularly organized company chartered for that purpose, and that, therefore, it is not good as a warehouse receipt.   Well, we think that if that be the case, still the defendants are estopped from raising the question.   If Finch & Company did not have possession, then Batjer & Company never had; Dickenson & Company clearly never had possession unless this transfer gave them possession, in law, and it is simply an equity that all these parties have had—an equity to claim those goods, and in that view of it the defendants, Batjer .& Company, are estopped from setting up any objection of want of possession.] [6]

" If you believe the testimony, therefore, (and there is no dispute in regard to the testimony,) your verdict ought to be for the plaintiffs for the fifteen barrels of whisky described in the declaration." [7]

Verdict and judgment for plaintiff.   Defendants appealed.

*Errors assigned* were, (1) in not entering nonsuit, (2) or judgment for defendants; (3–7) instructions, quoting them.

*A. Leo Weil, C. W. Scovel* with him, for appellants, cited:

Bucher v. Com., 103 Pa. 528 ; Peoples Bank v. Gayley, 92 Pa.
518 ; Benjamin on Sales, 815 ; Peoples Bank v. Etting, 108
Pa. 258; Patterson v. Poindexter, 6 W. & S. 234; Raymond
v. Middleton, 29 Pa. 529.

*A. Israel, Josiah Cohen* with him, for appellees, cited : Rapp
v. Crawford, 146 Pa. 21; Clark v. Martin, 49 Pa. 303; Keil
v. Harris, 5 Cent. R. 865; Linton v. Butz, 7 Pa. 89; Worman
v. Kramer, 73 Pa. 386.

PER CURIAM, January 3, 1893 :
Judgment affirmed.

## Keller's Private Road.   Benzenhoefer's Appeal.

*Road law—Private road—Certiorari— Printing testimony—Practice.*
On certiorari to an order of the quarter sessions overruling exceptions
to report of road viewers, the Supreme Court can review only the regu-
larity of the proceedings, and cannot consider exceptions which raise only
questions of fact.   In such a case it is useless to print the testimony.

Argued Nov. 7, 1892.   Appeal, No. 252, Oct. T., 1892, by
John G. Benzenhoefer, from order of Q. S. Allegheny Co.,
overruling exceptions to report of road viewers.   Before PAX-
SON, C. J., WILLIAMS, McCOLLUM, MITCHELL and HEY-
DRICK, JJ.

Petition of Joseph Keller for private road.
To the report of the viewers, various exceptions were filed
which raised only questions of fact.   The court overruled the
exceptions and confirmed the report.

*Error assigned* was dismissal of exceptions.

*A. Blakeley, Andrew Fisher* with him, for appellant.

*James Fitzsimmons, John S. Robb* with him, for appellee.